1  **McGLINCHEY STAFFORD**
2  Brian A. Paino (SBN 251243)
   Dhruv M. Sharma (SBN 248146)
3  18201 Von Karman Avenue, Suite 350
   Irvine, California 92612
4  Telephone: (949) 381-5900
   Facsimile: (949) 271-4040
5  Email:   bpaino@mcglinchey.com
            dsharma@mcglinchey.com
6  Attorneys for *Defendant* **QUICKEN LOANS INC.**
7
8  **UNITED STATES DISTRICT COURT**
9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWNA DERRINGER,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No.: **'16CV1228 BAS WVG**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>State Court Case No.: 37-2016-00330023-SC-SC-NC<br>Action Filed: May 4, 2016<br>Trial Date:   NA |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, *defendant* Quicken Loans Inc. ("Quicken Loans") hereby removes the above-captioned action brought by *plaintiff* Shawna Derringer ("Plaintiff") from the Superior Court of the State of California, in and for the County of San Diego (the "Superior Court"), to the United States District Court for the Southern District of California, on the basis of federal question jurisdiction.

**I.   BACKGROUND**

1.    On May 4, 2016, Plaintiff commenced an action in the Superior Court entitled *Derringer v. Quicken Loans Inc.*, Case Number 37-2016-00330023-SC-SC-

1
**NOTICE OF REMOVAL OF ACTION**
680096.1

1  NC (the "State Court Action"). A true and correct copy of Plaintiff's Claim and Order
2  to Go to Small Claims Court (the "Complaint") is attached hereto as **Exhibit A**.

3      2.     Quicken Loans was served with the Complaint on May 9, 2016. Pursuant
4  to 28 U.S.C. § 1446(b), this notice has been timely filed because it is being filed
5  within 30 days of Quicken Loans' receipt of the Complaint.

6      3.     As of the date of this notice, Quicken Loans has not filed an answer or
7  otherwise responded to the Complaint. Accordingly, Quicken Loans is informed and
8  believes that the Complaint attached hereto as **Exhibit A** constitutes all process,
9  pleadings, and orders in the State Court Action that were served on Quicken Loans.

10     4.     The Superior Court has scheduled a trial for June 8, 2016. It has not
11 otherwise scheduled or conducted any hearings as of the date of this notice. A true and
12 correct copy of the Superior Court's docket in the State Court Action is attached
13 hereto as **Exhibit B**.

14     5.     Pursuant to 28 U.S.C. § 1446(d), Quicken Loans will promptly give
15 written notice of the removal of the State Court Action to all adverse parties and will
16 file a copy of this notice with the Clerk of San Diego County Superior Court.

17 **II.    VENUE**

18     6.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the
19 Southern District of California is the proper venue for the removed State Court Action
20 because it is the judicial district in which the State Court Action is pending.

21 **III.   FEDERAL QUESTION JURISDICTION**

22     7.     This action is a civil action over which this Court has original jurisdiction
23 under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether
24 Quicken Loans violated "laws…of the United States." *See* 28 U.S.C. § 1331.
25 Specifically, the Complaint alleges that Quicken Loans violated the Fair Credit
26 Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA"). (*See* Compl., ¶¶ 3(a), (c)).
27 Plaintiff alleges that Quicken Loans conducted "[f]alse credit reporting" on her loan,
28 and seeks "[d]amages [a]ccording to FCRA Section 618-623." (*See id*.) By virtue of

this claim, the resolution of this action will necessarily require the Court to adjudicate disputed questions of federal law. It follows that Quicken Loans may remove the State Court Action to this court pursuant to the provisions of 28 U.S.C. § 1441. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

8. To the extent Plaintiff's Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's FCRA claim; and (ii) relate to the same subject matter; namely, Plaintiff's loan. Accordingly, Plaintiff's state-law claims, to the extent they exist, are related to Plaintiff's federal question allegations, thereby forming a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

## IV. RESERVATION OF RIGHTS

9. Quicken Loans reserves the right to supplement this notice when, and if, additional information becomes available. In addition, Quicken Loans reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Quicken Loans prays that the State Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED: May 23, 2016            **McGLINCHEY STAFFORD**

By: */s/ Dhruv M. Sharma*
DHRUV M. SHARMA
BRIAN A. PAINO
Attorneys for *Defendant* **QUICKEN LOANS INC.**