**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Dhruv M. Sharma (SBN 248146)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:  (949) 271-4040
Email:       bpaino@mcglinchey.com
               dsharma@mcglinchey.com

Attorneys for *Defendant* **QUICKEN LOANS INC.**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA DERRINGER,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No.:  3:16-cv-01228-BAS-WVG<br><br>Hon. District Judge Cynthia Bashant<br>Hon. Mag. Judge William V. Gallo<br><br>**DEFENDANT QUICKEN LOANS INC.'S ANSWER TO COMPLAINT OF PLAINTIFF SHAWNA DERRINGER**<br><br>Action Filed:  May 4, 2016<br>Trial Date:      NA |

Defendant QUICKEN LOANS INC. ("Defendant") hereby answers the Complaint (the "Complaint") of plaintiff SHAWNA DERRINGER ("Plaintiff") as follows:

1.      Defendant lacks sufficient information or belief to enable it to answer the allegations contained in Paragraph No. 1 and, on that basis, denies each of the allegations.

2.      Considering Paragraph No. 2, Defendant admits that it maintains an office at 1050 Woodward Avenue, Detroit, MI 48226. Defendant further admits that its registered agent for service of process in California is CT Corporation System, whose mailing address is 818 W. Seventh St., Suite 930, Los Angeles, CA 90017.

3.      Defendant denies the allegations of Paragraph No. 3, including subparts (a), (b), and (c) of Paragraph No. 3.

4.      Defendant lacks sufficient information or belief to enable it to answer the allegations contained in Paragraph No. 4, and, on that basis, denies the allegations.

5.      Concerning Paragraph No. 5, Defendant admits that it conducts business in San Diego County, California. Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in Paragraph No. 5 and, on that basis, denies the allegations.

6.      Concerning Paragraph No. 6, Defendant admits that it conducts business in San Diego County, California, including the postal code 92078. Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in Paragraph No. 6 and, on that basis, denies the allegations.

7.      Defendant admits Paragraph No. 7.

8.      Defendant admits Paragraph No. 8.

9.      Concerning Paragraph No. 9, Defendant lacks sufficient information or belief to enable it to answer the allegations contained in Paragraph No. 9 and, on that basis, denies the allegations.

10.     Paragraph No. 10 requires no response from Defendant.

11.     Paragraph No. 11 requires no response from Defendant.

Defendant denies each and every other allegation of the Complaint that it has not specifically admitted herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief May Be Granted)

Defendant is informed and believes, and on that basis alleges, that the Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant. Specifically, the Complaint is

completely devoid of any factual allegations that would sustain a cause of action under the Fair Credit Reporting Act ("FCRA").

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by reason of the applicable statutes of limitation, including, but not limited to, the statutes of limitation set forth in 15 U.S.C. § 1681p, and the subsections contained therein.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by the doctrines of waiver and estoppel due to Plaintiff's own acts and/or omissions with respect to the subject matter of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by the doctrine of laches due to Plaintiff's own acts and/or omissions with respect to the subject matter of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred because any injuries, damages, losses and/or detriment suffered by Plaintiff, if any, were the result of Plaintiff's failure to use reasonable means to mitigate her damages in this action, and otherwise exercise due and ordinary care on her own behalf.

/.././

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred because Plaintiff has not suffered damages as a result of the conduct alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justified and Privileged Conduct)

Defendant is informed and believes, and on that basis alleges, that its conduct was justified and privileged under the circumstances, that Defendant has done no more than insist upon its legal rights, and that Defendant's actions were done in a good faith belief that it was acting under a legal right.

## NINTH AFFIRMATIVE DEFENSE

### (Compliance)

Defendant is informed and believes, and on that basis alleges, that each of Plaintiff's causes of action are barred because Defendant acted in full compliance with the terms of the subject loan, the FCRA and other federal laws, and California state laws.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Defendant is informed and believes, and on that basis alleges, that each of Plaintiff's causes of action are barred by the doctrine of assumption of risk.

/././

/././

/././

**ANSWER TO COMPLAINT**

706373.1

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Individual Enforcement)

Defendant is informed and believes, and on that basis alleges, that each of Plaintiff's causes of action are barred because the FCRA expressly precludes individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. *See* 15 U.S.C. §§ 1681s-2(c)–(d).

## TWELFTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

Defendant is informed and believes, and on that basis alleges, that to the extent that Plaintiff suffered a violation of the FCRA, such violation occurred, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable, including, but not limited to, consumer reporting agencies, third party escrow companies or purchasers of real property. In the event any fault of Defendant is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Defendant must be reduced and limited by the comparative fault of such persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

Defendant is informed and believes, and on that basis alleges, to the extent Plaintiff claims Defendant willfully violated the FCRA, which Defendant denies, any violation was not willful because Defendant's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Notice of Dispute)

Defendant is informed and believes, and on that basis alleges, that Plaintiff does not have a private cause of action against Defendant because Plaintiff did not raise,

and Defendant did not receive, a notice of dispute with the appropriate credit reporting agencies. *See* 15 U.S.C. § 1681s-2(b).

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Willful/Negligent Non-Compliance)

Defendant is informed and believes, and on that basis alleges, to the extent Plaintiff raises a claim for willful or negligent non-compliance, her claim fails because Defendant conducted a reasonable investigation and carried out its duties pursuant to 15 U.S.C. § 1681s-2.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by the doctrine of consent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unstated Defenses)

Defendant states that it does not presently know all facts concerning the conduct of Plaintiff, and her enumerated causes of action, sufficient to state all affirmative defenses at this time. Accordingly, Defendant reserves the right to assert additional affirmative defenses in the event that it later discovers facts supporting such defenses.

### PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of her Complaint in this action;

2.    That the Complaint be dismissed in its entirety;

/././

/././

/././

/././

/././

3.      That Defendant be awarded its costs of suit incurred in this action; and

4.      That Defendant be awarded such other and further relief as the Court deems just and proper.


DATED:  June 30, 2016                    **McGLINCHEY STAFFORD**


By:  */s/  Dhruv M. Sharma*
        DHRUV M. SHARMA
        BRIAN A. PAINO
Attorneys for *Defendant* **QUICKEN LOANS INC.**

**ANSWER TO COMPLAINT**
706373.1

## PROOF OF SERVICE

1

2

3  **STATE OF CALIFORNIA**    )
                                 )   **ss.**

4  **COUNTY OF ORANGE**     )

5  I, Carol Rico, declare:

6  I am employed in the County of Orange, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 18201 Von Karman Ave.,
7  Suite 350, Irvine, California 92612.

8  On June 30, 2016, I served the document(s) described as: **DEFENDANT QUICKEN
LOANS INC.'S ANSWER TO COMPLAINT OF PLAINTIFF SHAWNA**
9  **DERRINGER** as follows:

10  ☐    **BY MAIL**: As follows:

11         ☐    **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine,
California, with postage thereon fully prepaid,

12

13  ☒    **BY OVERNIGHT COURIER SERVICE** as follows:  I caused such envelope
to be delivered by overnight courier service to the offices of the addressee.  The
envelope was deposited in or with a facility regularly maintained by the
14  overnight courier service with delivery fees paid or provided for.

15  ☒    **BY EMAIL SERVICE** as follows:  By email or electronic transmission: Based
on any agreement between the parties and/or as a courtesy, I sent the
16  document(s) to the person(s) at the email address(es) listed on the service list.  I
did not receive, within a reasonable time after the transmission, any electronic
17  message or other indication that the transmission was unsuccessful.

18  ☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said
document(s) to be served by means of this Court's Electronic transmission of
19  the Notice of Electronic Filing through the Court's transmission facilities, to the
parties and/or counsel who are registered CM/ECF users set forth in the service
20  list obtained from this Court.  Pursuant to Electronic Filing Court Order, I
hereby certify that the above documents(s) was uploaded to the website and will
21  be posted on the website by the close of the next business day and the
webmaster will give e-mail notification to all parties.

22

23  ☒    **FEDERAL:**  I declare that I am employed in the office of a member of the State
Bar of this Court at whose direction the service was made.

24

Executed on June 30, 2016, at Irvine, California.

25

26

27                                   Carol Rico

28

682013.1

**SERVICE LIST**
**USDC, Southern District Case No. 3:16-cv-01228-BAS-WVG**
**SHAWNA DERRINGER v. QUICKEN LOANS, INC., et al.**
**File # 102369.0045**

Shawna Derringer                                         Plaintiff, **In Pro Per**
1200 High Bluff Avenue
San Marcos, CA  92078

(Via Email – Return Receipt Requested)     Tel.: (858) 449-6046
(Via Federal Express)                             Email:  sderringer@gmail.com
                                                            disputeresolutions@outlook.com

682013.1